NF

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

LARRIANTE SUMBRY,

                    Plaintiff,
                                                MEMORANDUM
        -against-                               AND ORDER
                                                05-CV-3253 (NG)
UNITED STATES, INDIANA GOVERNOR,
INDIANA ATTORNEY GENERAL,
UNITED STATES SENATE,

                    Defendants.
----------------------------------------X
```

**GERSHON, United States District Judge:**

Larriante Sumbry, a prisoner currently incarcerated in Indiana, filed the instant *pro se* action on June 10, 2005. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but dismisses the complaint for the reasons set forth below.

Plaintiff's complaint alleges that he "has been enslaved for 7 years to oppressive confinement against God's Will," Compl. ¶ IV.3, as a result of defendants' allegedly unconstitutional prosecution of plaintiff in Indiana state court for incidents that occurred in 1996 and 1998. See id. ¶ IV. Plaintiff seeks $1 billion in damages, release from "oppressive illegal confinement," and "an International Human Rights Attorney Co-Counsel, Human Rights Investigator, Consular Services." Id. ¶ V.b. At the end of his complaint, plaintiff includes an additional claim, alleging that prison officials have interfered with his mail and "infringe[d] upon his religious freedom." Id. at 6.

Construing plaintiff's complaint as a civil rights action under 42 U.S.C. § 1983, the Court finds that this district it is not the appropriate court in which to file this action. Under 28 U.S.C. § 1391, a § 1983 action may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property

that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

As all the events or omissions giving rise to plaintiff's claims occurred in Indiana, the instant case should have been filed in one of the two district courts in that state.

If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This provision vests broad discretion with the court to decline to transfer a case where it would not be in the interest of justice to effect such a transfer.

On the same day plaintiff filed the instant action, the United States District Court for the Northern District of Indiana, in a sharply worded order, dismissed an action filed by plaintiff in the Northern District of Iowa. The court noted that "having been repeatedly fined and restricted," plaintiff:

> "persists in exploiting the judicial system by filing papers in the district courts of other circuits. When he attempts to directly file papers in this district, where the clerk's office is painfully familiar with his litigation history, the staff understand their obligation to return unfiled Mr. Sumbry's papers. Obviously this is not true in district courts outside of the Seventh Circuit ... Mr. Sumbry has discovered this loophole more than a dozen times to date."

Sumbry v. Davis, No. 2:05 CV 232, 2005 WL 1422549, at *1 (N.D. Ind. June 10, 2005). The Court warned plaintiff that "if he persists in abusing the judicial process by sending papers to other district courts in an attempt to circumvent the Seventh Circuit's orders restricting his vexatious filings, the court of appeals might order the superintendent of the facility in which he is housed to restrict him from mailing anything to any federal court other than this one." Id.

Accordingly, the Court declines to transfer this case under 28 U.S.C. § 1406(a) and dismisses the complaint. 28 U.S.C. § 1915(e)(2). The Clerk of Court is hereby directed to forward a copy of this order to the Clerk of Court in the Northern District of Indiana to inform that court of plaintiff's

2

continuing efforts to file cases in other districts despite the court's warnings. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
September 21, 2005

3